UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

VICTOR KENNARD BOONE-BEY,

          Petitioner,

v.                                 Case No.  04-CV-74594-DT

DOUG VASBINDER,

          Respondent.
_____/

**ORDER GRANTING A CERTIFICATE OF APPEALABILITY
AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

      Petitioner Victor Kennard Boone-Bey has appealed the court's denial of his habeas corpus petition. The habeas petition challenged Petitioner's state convictions for manslaughter and firearm offenses. The sole issue was the state appellate court's conclusion that a Confrontation Clause error was harmless. This court denied the habeas petition after concluding that the state court's conclusion did not result in an objectively unreasonable decision. Currently pending before the court is Petitioner's motion for a certificate of appealability (COA).

**I.  STANDARD OF REVIEW**

      "[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a COA." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "It is consistent with § 2253

that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner 'has already failed in that endeavor.'" *Miller-El*, 537 U.S. at 337 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Miller-El*, 537 U.S. at 338.

## II.  DISCUSSION

The habeas petition challenged the admission of Bobby Woolen's out-of-court statement in evidence. Woolen informed the police that Petitioner shot the victim three or four times. Petitioner claimed that the admission of Woolen's statement violated his right to confront witnesses because Woolen did not testify at trial.

The Michigan Court of Appeals determined that the trial court erroneously admitted Woolen's statement in evidence under the catch-all exception to the hearsay rule but that admission of the evidence was harmless error beyond a reasonable doubt. This court agreed that the admission of Bobby Woolen's statement violated Petitioner's right of confrontation and that the constitutional error was harmless. However, because the identity of the shooter was a contested issue and there was some evidence supporting the defense theory that one of Petitioner's accomplices was the actual shooter, reasonable jurists could debate the court's assessment of Petitioner's habeas

2

claim.

### III. CONCLUSION

IT IS ORDERED that Petitioner's motion for a certificate of appealability [Dkt #35] is GRANTED.

IT IS FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is GRANTED.

 S/Robert H. Cleland 
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: March 6, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 6, 2007, by electronic and/or ordinary mail.

 S/Lisa Wagner 
Case Manager and Deputy Clerk
(313) 234-5522