**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

VICTOR KENNARD BOONE-BEY,

          Petitioner,

v.                                              Case No. 04-CV-74594-DT

DOUG VASBINDER,

          Respondent.
_____/

**ORDER TRANSFERRING PETITIONER'S MOTION FOR**
**RELIEF FROM JUDGMENT TO THE COURT OF APPEALS**
**AS A SECOND OR SUCCESSIVE HABEAS PETITION**

**I. INTRODUCTION**

This matter is pending before the court on Petitioner's *pro se* motion for relief from judgment. Petitioner has been convicted of voluntary manslaughter, Mich. Comp. Laws § 750.321, possession of a firearm by an ineligible person, Mich. Comp. Laws § 750.224f, and two counts of felony firearm, Mich. Comp. Laws § 750.227b. He was sentenced to two years in prison for the felony firearm conviction, followed by concurrent terms of nineteen to sixty years in prison for the manslaughter conviction and six to twenty years in prison for the felon-in-possession conviction.

Petitioner alleged on appeal from his convictions that his brother's statement to the police was erroneously admitted in evidence at Petitioner's trial. The Michigan Court of Appeals agreed, but concluded that the error was harmless. The Michigan Supreme Court denied leave to appeal.

Petitioner alleged in his habeas petition filed in 2004 that the admission of his brother's out-of-court statement identifying him as the shooter violated his constitutional right to confront the witnesses against him. The court denied the habeas petition after concluding that the state court's finding of harmless error did not result in an objectively unreasonable decision. The Court of Appeals for the Sixth Circuit affirmed this court's judgment in an unpublished decision.

Petitioner contends in his pending motion that the constitutional trial error was not harmless because his brother blamed him for the shooting in his statement to the police. Petitioner further alleges that this court erred by reviewing the harmless-error issue under *Chapman v. California*, 386 U.S. 18 (1967), rather than *Brecht v. Abrahamson*, 507 U.S. 619 (1993). Petitioner argues that, because the court found the issue to be "a close call," the court should have granted his habeas petition pursuant to *Brecht* and *O'Neal v. McAninich*, 513 U.S. 432, 435 (1991), in which the Supreme Court stated that, when a judge is in virtual equipoise as to the harmlessness of the error, the judge should treat the error as if it affected the verdict. Petitioner also alleges that the court should have retroactively applied the Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36 (2004), to his case.

## II. DISCUSSION

### A. Motion for Relief from Judgment

Petitioner filed his motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) motions are subject to the restrictions that apply to "second or successive" habeas corpus petitions if the movant asserts a claim of error in his state conviction. *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005). "A motion can . . .

2

be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id*. at 532 (emphasis in original, footnote omitted). "When no 'claim' is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application." *Id*. at 533.

The court determined in its dispositive opinion that Petitioner was not entitled to habeas corpus relief despite the trial court's violation of the Confrontation Clause. Petitioner asserts that the court erred when making that determination. He seeks to advance a claim that this court previously considered and dismissed on substantive, constitutional grounds, that is, on the merits. Therefore, he is making a habeas corpus claim. *Id*. at 532 n.4; *Post v. Bradshaw*, 422 F.3d 419, 424 (6th Cir. 2005). He may not proceed with his claim unless he has acquired permission from the Court of Appeals to file a second or successive petition. 28 U.S.C. § 2244(b)(3)(A). Accordingly, the motion will be transferred to the Court of Appeals for a determination of whether this court is authorized to adjudicate Petitioner's motion.

### B. Certificate of Appealability

Petitioner "must obtain a certificate of appealability before his appeal of the denial of his Rule 60(b) motion can be heard." *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007). "A [certificate of appealability] may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right,' 28 U.S.C. § 2253(c)(2), which the United States Supreme Court has construed to mean that an applicant must show that reasonable jurists could debate that the petition could have

3

been resolved differently or that the claims raised deserved further review." *Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)).

The Court of Appeals determined in its decision affirming this court that the rule announced in *Crawford* was not retroactive to Petitioner's case on collateral review and that the admission of the evidence in dispute was harmless under *Brecht*. In light of those rulings, reasonable jurists would not debate this court's resolution of Petitioner's motion, nor conclude that the claims raised deserve further review. Consequently, the court declines to issue a certificate of appealability.

### III. CONCLUSION

The Clerk of Court is ORDERED to transfer Petitioner's motion for relief from judgment [Dkt. # 45] to the Court of Appeals for a determination of whether this court is authorized to adjudicate Petitioner's motion.

The court DECLINES to issue a certificate of appealability.

      S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: August 4, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 4, 2010, by electronic and/or ordinary mail.

      S/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522